IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DR. PHYLLIS MARIE KNIGHT-BEY,<br><br>Plaintiff,<br><br>vs.<br><br>"NANCY POLSI" Washington DC Congress of the United States House of Representative; State of Nebraska Department of Justice Attorney General "DOUG PETERSON"; FEDERAL BUREAU OF INVESTIGATION; Nebraska Branch of Judicial (AOC) Senator BEN SASSE and DEB FISCHER; and Nebraska Congressman of the United States Office of DON BACON,<br><br>Defendants. | 8:19CV331<br><br><br>MEMORANDUM<br>AND ORDER |

This matter is before the court for an initial review of Plaintiff's pro se, in forma pauperis Complaint (Filing No. 1) and Supplement (Filing 4) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. SUMMARY OF COMPLAINT AND SUPPLEMENT

Plaintiff styles this action as a federal tort claim. Plaintiff alleges her son was falsely imprisoned, and she seeks to recover $1 million in damages on his behalf.

II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff has previously been advised that she cannot appear pro se on behalf of her son, even if she holds a power of attorney. *See Cotrell T. Knight v. Robert Madsen*, Case No. 8:18CV347 (§ 2254 habeas action), Memorandum and Order filed November 11, 2018 (Filing 11); *Cotrell T. Knight v. Barb Lewien*, Case No. 8:19CV224 (§ 2254 habeas action), Memorandum and Order filed April 17, 2020 (Filing 6). Plaintiff's pleadings therefore fail to state a claim upon which relief may be granted with respect to any injury allegedly suffered by her son.

Nor can Plaintiff seek to recover damages on her own behalf based on alleged tortious conduct against her son.[1] "A federal court's jurisdiction … can be invoked

---

[1] Plaintiff's son, Cotrell T. Knight, is an adult who was born in March 1989 (Filing 1 at 2); on August 29, 2017, he pled guilty in the District Court of Douglas County, Nebraska, to one count of possession of a deadly weapon by a prohibited person and one count of attempted robbery, and subsequently was sentenced to imprisonment in a facility within the jurisdiction of the Nebraska Department of

only when the plaintiff [her]self has suffered some threatened or actual injury resulting from the putatively illegal action." *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (internal quotation and citation omitted). "A plaintiff's standing to sue 'is a threshold question in every federal case, determining the power of the court to entertain the suit.'" *Dalton v. JJSC Properties, LLC*, 967 F.3d 909 (8th Cir. 2020) (quoting *Warth*, 422 U.S. at 498).While it is not clear from Plaintiff's pleadings that she is claiming to have suffered some injury herself by reason of her son's alleged false imprisonment, the court does not have jurisdiction to hear such a claim.[2]

In addition, the court notes that none of the Defendants are alleged to have had any personal involvement in the alleged false imprisonment of Plaintiff's son. "A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant." *Knight-Bey v. Bacon*, No. 8:19CV330, 2020 WL 1929075, at *2 (D. Neb. Apr. 21, 2020).

Indeed, it is not alleged that any federal official was involved in the detention, prosecution, or imprisonment of Plaintiff's son. In short, Plaintiff's "federal tort claim" is frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a frivolous

---

Correctional Services. *See* Case No. 8:18CV347, Petitioner's Supplement (Filing 4) and Respondent's Index of Evidence (Filing 8). His pretrial detention and his post-conviction incarceration constitute the "false imprisonment" alleged in the present case. Documents filed in the initial habeas case indicate Plaintiff's son was held at the Douglas County Correctional Center prior to sentencing and is currently serving his sentences at the Nebraska State Penitentiary.

[2] The same would be true if Plaintiff were to reframe the false imprisonment claim as a constitutional tort and attempt to bring suit under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Agents,* 403 U.S. 388 (1971). "[P]arents lack standing to bring individual claims under § 1983 based solely upon deprivation of a child's constitutional rights." *Rucker on behalf of Rucker v. Smith*, No. 8:17CV364, 2018 WL 400761, at *2 (D. Neb. Jan. 12, 2018) (quoting *Phillips ex rel. Green v. City of New York*, 453 F. Supp. 2d 690, 734 (S.D.N.Y. 2006)). "In the limited settings where *Bivens* does apply, the implied cause of action is the 'federal analog to suits brought against state officials under … 42 U.S.C. § 1983." *Iqbal*, 556 U.S. at 675-76 (quoting *Hartman v. Moore,* 547 U.S. 250, 254, n. 2 (2006)).

3

claim "lacks an arguable basis either in law or in fact"). Also, because Plaintiff does not allege that she has exhausted her administrative remedies under the Federal Tort Claims Act ("FTCA"), this court does not have jurisdiction over any tort claim that might be brought under that Act.[3]

---

[3] Before bringing a claim in federal court under the Federal Tort Claims Act, a party must administratively exhaust their remedies under the Act. 28 U.S.C. § 2675(a). As part of this administrative process, the party "shall have first presented the claim to the appropriate Federal agency." *Id.* The presentment requirement is a jurisdictional prerequisite to filing an FTCA action in federal court. *Mader v. United States*, 654 F.3d 794, 808 (8th Cir. 2011) (en banc); *Rollo-Carlson as Tr. for Flackus-Carlson v. United States*, __ F.3d __, No. 19-1815, 2020 WL 4814122, at *2 (8th Cir. Aug. 19, 2020).

Defendants are described as "Appropriate Agencies" in Plaintiff's Complaint (Filing 1 at 1) and are listed as "Appropriate Federal Agenc[ies]" on a claim form with attachments ("Supplement" (Filing 4)) that Plaintiff filed with the court on August 1, 2019, a few days after filing her Complaint. The filed claim form is a Standard Form 95, which has been prescribed by the Department of Justice for filing claims with federal agencies under the FTCA. *See* 28 C.F.R. § 14.2(a). While the regulations provide that if an administrative claim is presented to a "Federal agency" whose activities did not give rise to the claim, that agency shall transfer the claim forthwith to the appropriate agency if it can be identified from the claim, *see id.*, § 14.2(b)(1), this court is not a "Federal agency" for purposes of that claim-processing regulation. *See id.*, § 14.1 (defining "Federal agency"); *Kraft v. Office of Chief Counsel Div. of Veterans Affairs N. Atl. Dist.-N.*, No. CV 16-1186-RGA, 2018 WL 1293107, at *3 (D. Del. Mar. 13, 2018) (district court not a "Federal agency" for purposes of 28 C.F.R. § 14.2(b)(1)); *Bounds v. U.S. Dist. Court*, No. CIV.A.06 0233, 2007 WL 1169377, at *2 (W.D. La. Apr. 18, 2007) ("The transfer regulation allows constructive filing of claims filed outside the 2-year statute of limitations under 28 U.S.C. § 2401(b), but does not provide for constructive filing of an unexhausted claim under 28 U.S.C. § 2675(a)." (footnote omitted)). In other words, the filing of a complaint or claim form with the court does not satisfy the FTCA's presentment requirement.

Additionally, the Nebraska Attorney General is not a federal official, and the Nebraska Department of Justice is not a federal agency. The Nebraska State Tort Claims Act also requires exhaustion of administrative remedies prior to filing suit, and mandates that any suit be filed in state court, not federal court. *See* Neb. Rev. Stat. §§ 81-8,213, 81-8,214.

IV. CONCLUSION

Plaintiffs' pleadings fail to state a claim upon which relief may be granted or over which the court has jurisdiction, and this action is frivolous. The court will not grant Plaintiff leave to amend because to do so would be futile.

IT IS THEREFORE ORDERED:

1. Plaintiff's action is dismissed without prejudice.

2. Judgment shall be entered by separate document.

Dated this 31st day of August, 2020.

                                               BY THE COURT:

                                               *Richard G. Kopf*

                                               Richard G. Kopf
                                               Senior United States District Judge